**STATE, ex rel. STORC et, Appellants, v. COUNTY COMMISSIONERS OF TRUMBULL COUNTY et al, Appellees.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1280.   Decided October 30, 1952.

Stanley J. Polanski, Warren, Franklin B. Powers, William A. Wick, Youngstown, W. Leo Keating, Warren, for appellants.

Charles H. Anderson, Pros. Atty., Fred Guarnieri, Asst. Pros. Atty., Warren, Mitchell F. Shaker, City Solicitor, Niles, for appellees.

W. F. MacQueen, Niles, Amicus Curiae.

(Judges of the Ninth District sitting by designation in place of NICHOLS, PJ, GRIFFITH, J, PHILLIPS, J, of the Seventh District.)

### OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law and fact from a judgment dismissing a petition, which sought an order preventing the holding of an election on annexation proceedings instituted by the City of Niles, wherein such city sought to annex

the greater portion of Weathersfield Township in Trumbull County.

The petitioners herein desire to prevent the annexation election, pending an election to be held by the citizens in a portion of Weathersfield Township. It is claimed that the citizens in this area desire that such portion of the township be incorporated as a village to be known as "Hillcrest."

It is admitted that: On July 11, 1952, "there was filed with the trustees of Weathersfield Township at a regular meeting, a petition for incorporation of the village of Hillcrest": on August 14, 1952, the council of the city of Niles passed an ordinance directing the city solicitor, Mitchell Shaker, to prosecute the proceedings necessary to effect the annexation to the city of Niles of nearly all of the unincorporated area of Weathersfield Township, including all of the area sought to be incorporated as the village of Hillcrest; on August 22, 1952, Mitchell Shaker, as agent of the city of Niles, filed with the Board of County Commissioners, and the Board of Elections, of Trumbull County, the necessary documents requesting the county commissioners to order an election by the electors in the part of Weathersfield Township sought to be annexed to the city of Niles; the trustees of Weathersfield Township took no action with respect to ordering an election within the area which seeks to become the village of Hillcrest; the Common Pleas Court of Trumbull County has issued a writ of mandamus, directed to the trustees of the Weathersfield Township, ordering them to proceed to perform the duties imposed upon them by §3527 GC.

It must be remembered that the petition to incorporate the village of Hillcrest was duly filed with the proper authorities over a month before the city of Niles took any action looking toward the annexation of the area, including the part which seeks to become the village of Hillcrest.

If the township trustees had proceeded as the statutes of this state require (§3526 et seq, GC), an election to determine the wishes of the electors in the area sought to be known as the village of Hillcrest would long since have been held.

We have not been able to discover a reported case with a similar factual situation. However, the converse of the situation herein is found in the reported case of **Waltz v. Bummersteen, et al, 5 Abs 712.** The court said in that case:

"When a case is pending before the county commissioners, any action sought before the township trustees, and the ensuing election following their order for incorporation, may be enjoined, if such action concerns territory comprised in the petition pending before the county commissioners."

216

That case is authority for the statement of the author of the text material in **28 O. Jur. Municipal Corporations, Sec. 20, pg. 50.** See also: State, ex rel. Chisholm, et al., v. McKenzie, et al., 16 C. C. (N. S.) 172.

We determine that the proceedings to incorporate the village of Hillcrest, which were filed prior to the annexation proceedings of the city of Niles, shall take precedence, and that an injunction shall issue staying further action upon the annexation proceedings pending the election called for in the matter of the incorporation of the village of Hillcrest. It is so ordered.

Injunction allowed.

DOYLE, J, STEVENS, J, concur.