The State, ex rel. Loofbourrow, Solr., *v.* Board of County Commissioners of Franklin County et al.

(No. 5246—Decided March 10, 1955.)

*Mr. Clark E. Loofbourrow,* for relator.

*Mr. Frank H. Kearns,* prosecuting attorney, and *Mr. Earl W. Allison,* for respondents.

MILLER, P. J.  This is an action in mandamus, originating in this court, wherein the relator is seeking a writ commanding the respondents, who constitute the Board of County Commissioners of Franklin County, to act upon his petition, brought under Section 709.14 *et seq.,* Revised Code, for the annexation of certain territory to the village of Worthington.  The petition sets forth facts showing that all the required steps have been taken in order to comply with the statute in order that the territory might be annexed to the municipal corporation.  It is contended, however, by the respondents that there is no petition for annexation properly before them; that they have no jurisdiction to pass upon the same; and that, therefore, the order of dismissal was the only one they could lawfully have made.

The petition in this proceeding discloses that the annexation petition filed with the county commissioners, in attempting to comply with Section 709.15, Revised Code, was filed prior to the holding of the election called for by Section 709.17, Revised Code.  The respondents urge that this was not in accordance with law and have demurred to the petition on the following grounds:

(1)  The petition does not state facts which constitute a cause of action.

(2)  The relator does not have legal capacity to sue.

The second ground is not well taken for the reason that the petition sets forth facts showing that the village duly passed an ordinance directing the relator to prosecute the proceedings necessary to effect the annexation which is clearly the object of this action.

The next question for consideration is whether the petition was properly filed with the county commissioners who are contending that after the passage of the ordinance seeking to annex the territory all further proceedings were stayed pending the election, citing Section 709.17, Revised Code, which provides:

"A vote by the electors of the unincorporated area of the

township shall be taken under the election laws of this state at the next general or primary election occurring more than thirty days after the legislative authority of a municipal corporation passes the ordinance mentioned in Section 709.14 of the Revised Code. Thereupon all annexation proceedings shall be stayed until the result of the election is known. If a majority of the electors of such area voting in the election favor annexation, proceedings shall begin within ninety days to complete annexation, and if a majority of the electors voting in the election is against annexation, no further proceedings shall be had for at least five years."

A majority of the electors favored the annexation and it, therefore, became incumbent upon the commissioners to act upon the petition within ninety days after the election, providing they had the jurisdiction to do so. It appears that their refusal to act upon the same was grounded upon the advice of the prosecuting attorney who was of the opinion there was no valid petition pending before the board; and that since no petition was filed after the election there was nothing before it for its consideration. He based his opinion, and we think properly so, upon a former Attorney General's ruling, Opinions of Attorney General (1947), 500, No. 2271, made on September 25, 1947, in which it is stated at page 502:

"The first step in the annexation proceeding which the law requires is the passage by the municipal council of the ordinance authorizing such annexation to be made. Logically, the next step would be to ascertain whether the electors in the unincorporated area of the township will consent to the annexation. If their vote is favorable, then according to the language of Section 3561-1 'proceedings *shall begin* within ninety days to complete annexation.' I think emphasis may well be laid on the words, 'shall begin.' Proceedings, so far as the county commissioners are concerned, will certainly 'begin' by filing a petition with that body, and the other steps required by the law will follow. If we take the contrary view, the county commissioners would proceed, under the law relating to the original incorporation of villages, to appoint a time for hearing at least six weeks ahead (Section 3520, General Code) to require notices of the proposed annexation to be published and posted and then

to a hearing which might be considerably protracted and possibly contested, and would finally determine that the annexation ought to be made, and having reached that conclusion and entered their order to that effect, it would then be found that the whole proceeding was a waste of time and money because of the refusal of the electors to consent to the annexation. I do not believe the law intended to require so absurd a procedure.''

We are, however, unable to agree with the reasoning and conclusions of the Attorney General for several reasons. It is our opinion that the commissioners are not required to act under Section 3520, General Code (Section 707.05, Revised Code) upon the expiration of sixty days, but that this proceeding shall be stayed under Section 709.17, Revised Code, until after the election; hence, there should be no unnecessary expenditure of time or money in case the vote is not favorable to the annexation. Section 709.17, it appears, contemplates that the proceeding be begun before the board prior to the election, for it provides that if the election is favorable ''proceedings shall begin within ninety days to complete annexation.'' In order that there may be a completion of something there must also have been a beginning; hence, the word ''begin'' as used in the statute must refer to the hearing by the board to proceed to a determination of the question presented by the petition. Proceedings before the board are commenced by the filing of a petition, and the law is well established that when conflicting petitions are filed with the proper authorities seeking to annex the same territory, the one first filed shall have priority, and proceedings on the subsequent one shall be enjoined until there can be a determination of the first. 28 Ohio Jurisprudence, 50, Section 20; *Waltz* v. *Bummersteen,* 5 Ohio Law Abs., 712; *State, ex rel. Storc,* v. *County Commissioners of Trumbull County,* 69 Ohio Law Abs., 214.

In *Roush* v. *Barthalow, Aud.,* 105 N. E. (2d), 85 (on appeal on questions of law and fact a similar judgment was rendered by the Court of Appeals in 61 Ohio Law Abs., 428, 104 N. E. [2d], 697, and an appeal therefrom was dismissed by the Supreme Court in 156 Ohio St., 452, 103 N. E. [2d], 273), proceedings were begun by the village of Gahanna to annex certain territory. The annexation ordinance was duly enacted on Au-

gust 15, 1949, and on August 26, 1949, a freeholders' petition was filed with the county commissioners seeking to annex the same territory to the city of Columbus. After the passage of the ordinance an election was held, which resulted in a majority vote in favor of annexation to the village of Gahanna. The Board of County Commissioners proceeded to act favorably upon the freeholders' petition to annex the territory to the city of Columbus, no election being required under this procedure. An action was then filed by certain residents of Gahanna seeking to enjoin a completion of the annexation to Columbus, claiming that under Section 709.17, Revised Code, the annexation proceedings had been stayed. The court held that under these facts annexation to Columbus was in accordance with law, refused to stay the proceedings, and denied the injunction. It should be noted that in that case a petition was never filed with the proper authorities by the village of Gahanna, the petitioners probably intending to file one after the election. It should also be noted that in that case the money expended in holding an election was a total loss. Had the petition been filed by the village of Gahanna prior to that of the freeholders, under the authorities cited, *supra*, then the village would have had priority and the action of the freeholders would have been enjoined. We do not think that it was the intention of the Legislature to make such results possible by requiring the petition to be filed after the election has been held. Once jurisdiction has been acquired by the proper annexation authorities, all other proceedings are stayed until after the required election, and this jurisdiction may be acquired only by the filing of a petition. It is, therefore, our conclusion that the petition should be filed prior to the election. Whether or not it may also be filed after the election is not before us so we express no opinion on that question.

In support of our conclusion it may be noted also that the statutes provide two methods for the initiation of annexation proceedings, one, on application by citizens, and the other on application by a municipal corporation. Section 709.02 *et seq.*; Section 709.13 *et seq.*, Revised Code. In either case the application shall be by petition to the county commissioners, which shall contain a full description of the territory and be accom-

panied by an accurate map or plat thereof. In the case of application by citizens, the petition must be authorized "by a majority of the adult freeholders residing in such territory" (Section 709.02), and in the case of application by a municipal corporation "by a vote of not less than a majority of the members elected" (Section 709.14) to the council. In the former the petition "shall contain the name of a person authorized to act as the agent of the petitioners in securing such annexation," and in the latter the council is required to direct "the solicitor of the municipal corporation" or some other person to prosecute the proceedings necessary to effect annexation. From these statutes it would seem that the only difference contemplated by the Legislature in the two types of proceedings is the method of authorization. Citizens must authorize the proceedings by a petition signed by a majority of the freeholders and the corporation may authorize the same by action of the council. It appears that no function is to be served by the enactment of the ordinance other than to authorize the initiation of proceedings for annexation and to designate the person authorized to act as the agent of the corporation in prosecuting the proceedings. Although the headings in the Revised Code are not statutory, nevertheless it should be noted that the caption of Section 709.14, Revised Code, relating to the adoption of the ordinance describes the section as "preliminary action by legislative authority."

Again, in comparing the two methods it can not be said that the mere preparation of a petition for annexation on application of citizens or its circulation and signature by a majority of the resident freeholders would be a commencement of the proceedings, the circulation and obtaining of signatures being merely the authorization to begin the same. The completion of the petition prior to its filing is the equivalent of the ordinance adopted by the municipal corporation, neither of which is a beginning of the annexation proceedings but merely an authorization for the same.

Counsel for the respondents urge that since the petition has been dismissed there is nothing pending before the board upon which it may act. This conclusion would be correct if the order of dismissal was in accordance with law, but we do not

so regard it, and it is, therefore, a void order leaving the petition pending before the board. The duty of the board upon completion of the hearing required by Section 707.06, Revised Code, is clearly defined by Section 707.07, which requires that the annexation be allowed if it finds certain enumerated facts to be true. Contra, if the required facts are found not to exist, then it would appear that such a finding should also be made. But the board has refused to act in accordance with the statute upon the ground that it has no jurisdiction. Section 2731.03, Revised Code, provides:

"The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion."

The relator here is not seeking an order to control the discretion of the board but is merely seeking an order requiring it to exercise the discretion conferred upon it by Section 707.07, Revised Code. A writ of mandamus may issue to compel the exercise of a discretion. *Commissioners* v. *Commissioners*, 24 Ohio St., 393; *State, ex rel.*, v. *Harris*, 17 Ohio St., 608; 25 Ohio Jurisprudence, 1139, Section 181. The petition alleges that the relator has no adequate remedy at law, which, for the purpose of this demurrer, has been admitted to be true; hence, we are of the opinion that it states a good cause of action. The demurrer is overruled.

*Demurrer overruled.*

Hornbeck and Wiseman, JJ., concur.