THE STATE, EX REL. LOOFBOURROW, SOLICITOR, *v.* BOARD OF
COMMRS. OF FRANKLIN COUNTY ET AL.*

(No. 5429—Decided March 5, 1957.)

*Mr. Richard T. Savage,* solicitor; and *Mr. Carl H. Tange-man,* for relator.

*Mr. Samuel L. Devine,* prosecuting attorney, and *Mr. Earl W. Allison,* for respondents.

*Per Curiam.* This is an action for a writ of mandamus originating in this court, in which relator seeks to set aside the action of the Board of County Commissioners of Franklin County, taken on February 7, 1955, and on March 21, 1955.

The amended petition of the relator prays that the respondents' resolutions "* * * be adjudged null and void insofar as said resolutions purport to find and/or hold: 'That the territory sought to be annexed is unreasonably large; that subsequent to the election remonstrances were filed with the Board indicating that they did not wish to be annexed, and that it is not right, just and/or equitable that the prayer of the petition be granted, and it is therefore, ordered, that the petition of the village of Worthington be denied' * * *."

The resolution of the respondents dated February 7, 1955, dismissed the petition of the village of Worthington for annexa-

*Judgment affirmed, 167 Ohio St., 156.

tion of the territory on the grounds that its petition was not properly before the board.

The Court of Appeals for Franklin County, then known as the Second District, in case No. 5246, decided March 10, 1955 (reported as *State, ex rel. Loofbourrow, v. Board of County Commissioners of Franklin County,* 99 Ohio App., 169) granted a writ of mandamus and ordered the Board of County Commissioners of Franklin County to act on the petition of the village of Worthington upon its merits. The action of the board on March 21, 1955, part of which relator seeks to set aside, is contained in the resolution, which is as follows:

"Be it resolved, By the Board of County Commissioners of Franklin County, Ohio, that the board find, in addition to its findings in the resolution adopted February 7, 1955, but excepting the finding in the February 7th resolution on the validity of the petition and jurisdiction of the board:

"That the territory sought to be annexed is unreasonably large; that subsequent to the election remonstrances were filed with the board indicating that they did not wish to be annexed, and that it is not right, just and/or equitable that the prayer of the petition be granted, and it is therefore

"Ordered, that the petition of the village of Worthington be denied."

The only matters which the relator seeks to have adjudged null and void are the findings of the board of county commissioners: (1) that the territory sought to be annexed is unreasonably large; (2) that it is not right, just or equitable that the prayer of the petition be granted; and, (3) it is, therefore, ordered that the petition of the village of Worthington be denied.

The only question presented to this court is whether a board of county commissioners has any discretion to hear and determine whether a petition for annexation be granted or denied after a majority of the electors of the unincorporated area of the township have voted in favor of annexation, pursuant to Section 709.17, Revised Code.

If the Legislature had intended to take away the discretion of the county commissioners after a majority vote of the electors, it would seem that appropriate language would have been inserted in Section 709.17, Revised Code, which would provide

for the ministerial act by the county commissioners requiring them to certify the annexation to the proper authorities. Instead, the language is as follows:

"If a majority of the electors of such area voting in the election favor annexation, proceedings shall begin within 90 days to complete annexation * * *."

It will be noted that annexation of contiguous territory upon petition of a municipal corporation provided for under Section 709.13 *et seq.*, Revised Code, provides (Section 709.16, Revised Code) that when the petition is presented, proceedings shall be had in all respects, so far as applicable, as are required by Sections 709.02 to 709.12, inclusive, of the Revised Code. Incidentally, 709.02 to 709.12 is the means of annexation of adjacent territory by petition of resident freeholders.

The annexation by resident freeholders of a territory adjacent to a corporation is also by petition to the county commissioners, and when such a petition is presented to the county commissioners, the same proceedings shall be had as far as applicable, and the same duties thereto shall be performed by the board and other officers as are required in the case of an application or petition to organize a village under Sections 707.01 to 707.30, inclusive, Revised Code, relative to incorporation.

By this process the Legislature sets out the procedure of annexation by petition to the county commissioners, whether upon petition of the village pursuant to ordinance of its council or by petition of the resident freeholders of the contiguous territory, and that procedure by the county commissioners is set forth in Section 707.07, Revised Code.

Two cases are helpful in determining the questions presented here. One, *Hulbert* v. *Mason,* 29 Ohio St., 562, began as an injunction proceeding in a case where apparently there was no election held. At page 565, in the opinion, beginning at Line 2 thereof, we find the following language:

"Whether it is 'right and proper' that the annexation should be made is the very question which the act (sec. 14) submits to the 'discretion' of the commissioners, without any provision for an appeal from their decision. What the plaintiffs in fact seek is to *appeal* from the decision of the commissioners. They seek to retry the case on its merits, instead of reviewing it

for errors or irregularities. The latter, as we understand the statute, is all that it permits. The decision of the commissioners on the merits of the case is final."

The other case is that of *Powers* v. *County Commissioners of Wood County*, 8 Ohio St., 286. At page 289, beginning at Paragraph 3, we find the following:

"There is no constitutional provision upon this subject. The statute relating to a vote by the citizens of a municipal corporation, upon the question whether contiguous territory shall be annexed to the town, is simply for the purpose of determining whether an application shall be made to the county commissioners to annex the territory; and they, finally, after hearing the parties in interest, decide upon the public policy of making the annexation."

In *Powers* v. *Commissioners of Wood County, supra,* the commissioners were deciding the question after a vote of the people who lived within the corporate limits of Perrysburg. Powers brought the suit under the statute attempting to enjoin the commissioners from annexing the territory.

It is our opinion that the Board of County Commissioners of Franklin County had the discretionary power to decide whether it was right that the prayer of the petition be granted. It is a well-established rule of law that mandamus will not lie to control the discretion of a board which has made a decision that it is authorized by law to make.

The demurrer to the petition will be sustained.

The case having been presented to this court upon the pleadings, stipulations of fact, three exhibits admitted by agreement of counsel, and upon oral argument and briefs, the writ of mandamus will be denied.

*Writ denied.*

Petree, P. J., Bryant and Miller, JJ., concur.